NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2022 IL App (4th) 210641-U

NO. 4-21-0641

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 23, 2022
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Macon County |
| ROBERT A. TULL, | ) | No. 21CF223 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Erick F. Hubbard, |
| | ) | Judge Presiding. |

JUSTICE TURNER delivered the judgment of the court.
Justices Cavanagh and Steigmann concurred in the judgment.

**ORDER**

¶ 1   *Held:*  The Office of the State Appellate Defender's motion to withdraw as counsel on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), is allowed, and defendant's conviction and sentence are affirmed.

¶ 2   In August 2021, a jury found defendant Robert A. Tull guilty of unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)).  On September 30, 2021, the trial court sentenced defendant to two years in the Illinois Department of Corrections to be followed by one year of mandatory supervised release.  This appeal followed.

¶ 3   The Office of the State Appellate Defender (OSAD) filed a motion for leave to withdraw as defendant's counsel on appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967), arguing any request for review in this case is meritless. This court notified defendant of OSAD's motion to withdraw and granted defendant leave to file a response to OSAD's motion

by April 29, 2022. Defendant did not file a response. We grant OSAD's motion to withdraw as counsel on appeal and affirm defendant's conviction and sentence.

¶ 3                                    I. BACKGROUND

¶ 4        On February 23, 2021, the State charged defendant by information with unlawful possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2020)). Defendant's jury trial was held in August 2021. The State introduced evidence of defendant's April 2019 felony conviction in Macon County case No. 16-CF-96. Detective Jeffrey Hockaday of the Decatur Police Department testified he was contacted by Detective Timothy Wittmer on July 7, 2020, about the execution of a search warrant at 993 East North Street in Decatur. Hockaday participated in the execution of the warrant and went inside the residence. In the upstairs north bedroom, the police located a .22-caliber long rifle leaning against a cabinet. Inside the cabinet, the police found random rounds of ammunition. The State introduced the rifle into evidence.

¶ 5        On cross-examination, Detective Hockaday testified defendant was not at the house when the search warrant was executed. To Hockaday's knowledge, the rifle was not submitted for fingerprint testing.

¶ 6        Detective Timothy Wittmer of the Decatur Police Department also testified for the State. In June and July of 2020, he was investigating this residence for possible illegal activity. He obtained a search warrant for the residence and worked with Detective Hockaday on its execution. The police found the rifle at issue in this case during the search. Detective Wittmer was then able to determine defendant was the likely owner of the firearm. On August 27, 2020, Detective Wittmer conducted a recorded interview with defendant at the Decatur Police Department headquarters.

¶ 7        A recording of the interview was played for the jury. Defendant said he found the

gun inside a wall. He also stated he had padlocked the bedroom where the police found the rifle.

¶ 8 On cross-examination, Detective Wittmer testified defendant was not the target of his investigation and the search warrant was based on the behavior of other people.

¶ 9 Defendant testified he was convicted of a felony in 2019. He resided at 993 East North Street in Decatur with his fiancée, Nicole Pierce. On June 26, 2020, he returned home a little after midnight. His fiancée, who had been taking the plaster off the walls at their residence so the walls could be insulated and drywalled, found a rifle inside the wall. Pierce did not know if the gun was real. Defendant wiped the gun off to see if it was real, placed it by a cabinet, and went to bed. Defendant left home the next day for work and did not return until July 12, 2020. When he returned home, the rifle had already been removed from the house by the police.

¶ 10 According to defendant, he told his fiancée to message their landlord and give him the rifle. Defendant found out later the landlord had gone on vacation. Defendant testified he had no intention of keeping the rifle and did not want the rifle in his residence. The ammunition found in the drawer in the bedroom had belonged to his father who had just passed away. Before his criminal trouble in 2019, defendant had a Firearm Owner's Identification (FOID) card and three guns. He got rid of those guns after his felony conviction.

¶ 11 On cross-examination, defendant admitted the rifle was found in the bedroom of his residence. He also admitted padlocking the bedroom door to keep people out of the bedroom. Defendant indicated he was going to be gone for two weeks and did not want his son or his "son's crazy friends" getting into the bedroom and messing with his or his fiancée's personal property.

¶ 12 The jury found defendant guilty of unlawful possession of a weapon by a felon.

¶ 13 On August 31, 2021, defendant filed a motion for judgment notwithstanding the

verdict, arguing the jury's verdict was not supported by the evidence. The trial court denied the motion.

¶ 14    On September 30, 2021, the trial court sentenced defendant to two years in prison with one year of mandatory supervised release.

¶ 15    On October 22, 2021, the trial court directed the clerk to file a notice of appeal on defendant's behalf and appointed OSAD to represent defendant on appeal. On March 11, 2022, OSAD filed a motion for leave to withdraw as counsel on appeal pursuant to *Anders*, 386 U.S. at 738. This court granted defendant leave to file a response to OSAD's motion on or before April 29, 2022. Defendant did not file a response.

¶ 16                                II. ANALYSIS

¶ 17    OSAD noted it considered several potential issues to raise on appeal prior to filing its motion to withdraw, including the following: (1) whether the trial court's Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) admonishments gave rise to first-prong plain error; (2) whether defendant was proven guilty beyond a reasonable doubt; and (3) whether the trial court abused its discretion in sentencing defendant. Based on our examination of the record, we conclude, as has OSAD, that an appeal in this case would be meritless.

¶ 18                        A. Rule 431(b) Admonishments

¶ 19    For purposes of ensuring a defendant receives a fair trial by an impartial jury, the trial court is required pursuant to Rule 431(b) to ask all potential jurors if they understand and accept the following principles: (1) the defendant is presumed innocent until proven guilty; (2) the State bears the burden of proving the defendant guilty beyond a reasonable doubt; (3) the defendant is not required to present any evidence on his own behalf; and (4) the defendant's decision not to testify cannot be held against him. OSAD notes the trial court in this case read all

- 4 -

four principles to the potential jurors and asked each potential juror whether he or she understood and accepted the principles. Each juror answered "yes" when asked. According to OSAD, the process used by the trial court was deemed proper by our supreme court in *People v. Birge*, 2021 IL 125644, ¶¶ 27-42, 182 N.E.3d 608. We agree the process used by the trial court was proper and any argument to the contrary would be meritless.

¶ 20                                    B. Sufficiency of Evidence

¶ 21        When considering a defendant's challenge to the sufficiency of the evidence to convict, we will not disturb the fact finder's decision if any rational trier of fact could have found the State proved the essential elements of the crime beyond a reasonable doubt when the evidence is viewed in a light most favorable to the State. *People v. Wheeler*, 226 Ill. 2d 92, 114, 871 N.E.2d 728, 740 (2007). The State was required to prove beyond a reasonable doubt defendant knowingly possessed a firearm and had a prior felony conviction for defendant to be convicted of unlawful possession of a firearm by a felon (720 ILCS 5/24-1.1(a) (West 2020)). " 'Knowing possession' can be either actual or constructive." *People v. Davis*, 2017 IL App (1st) 142263, ¶ 39, 93 N.E.3d 519. To establish defendant had constructive possession of the firearm, the State had to prove defendant had knowledge of the firearm's presence and exercised immediate and exclusive control over the area where it was found. *Davis*, 2017 IL App (1st) 142263, ¶ 39. To establish control, the State can present evidence the defendant has the capability and intent to maintain control and dominion over the weapon in question, even if the defendant lacks personal present dominion over the item. *Davis*, 2017 IL App (1st) 142263, ¶ 39.

¶ 22        In this case, the State presented evidence defendant had a prior felony conviction. The State also presented evidence the police found a .22-caliber rifle leaning against a cabinet in

the upstairs, north bedroom of defendant's residence. The police also found a variety of ammunition in the top drawer of the same cabinet. Defendant testified his fiancée found the rifle in the wall while removing plaster. Regardless, defendant admitted he was aware the rifle was in the bedroom, and he padlocked the room to keep others from going into the room. A rational trier of fact could have concluded defendant was in immediate and exclusive control over the rifle. Viewing the evidence in a light most favorable to the State, we agree with OSAD an argument regarding the sufficiency of the evidence to convict would be meritless.

¶ 23                                    C. Sentence

¶ 24        The trial court possesses wide latitude in both determining and weighing factors in mitigation and aggravation when imposing a sentence, and the reviewing court gives the trial court's ruling great weight and deference. *People v. Solis*, 2019 IL App (4th) 170084, ¶ 23, 138 N.E.3d 247. While the legislature prescribes possible sentences, a trial judge is given great discretion to determine an appropriate sentence within the limits set by the legislature. *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999).

¶ 25        The sentencing range for unlawful possession of a weapon by a felon is 2 to 10 years without the possibility of parole. 720 ILCS 5/24-1.1(e) (West 2020); 730 ILCS 5/5-5-3(c)(2)(F-5) (West 2020). The trial court sentenced defendant to the minimum sentence. As a result, we again agree with OSAD an argument the trial court abused its discretion in sentencing defendant would be meritless.

¶ 26                                    III. CONCLUSION

¶ 27        For the reasons stated, we grant OSAD's motion to withdraw as counsel on appeal and affirm the defendant's conviction in this case.

¶ 28        Affirmed.